## Daniel Treadwell Walden *v.* Isaac Philips.

Property, provisionally seized, having been released on the execution of a bond with security, plaintiff obtained judgment, and issued a *fi. fa.,* which was returned " no property found after demand of the parties." On a rule against the surety, to show cause why execution should not be issued against him, the latter introduced a witness who stated that he had notified plaintiff and the sheriff that the property originally seized was within the jurisdiction of the court, and requested him to seize it, informing him where it was. *Held :* That the rule should be made absolute.

Appeal from the District Court of the First District, *Buchanan,* J.

*W. D. Hennen* and *Robinson,* for the plaintiff.

*J. E. Jones,* for the appellant.

Martin, J. The plaintiff having obtained a writ of provisional seizure on the property of the defendant, his lessee, the latter regained the possession of it on his bond, in which Reed joined him as his surety. The lessor having obtained judgment against the lessee, a writ of *fieri facias* was issued thereon, on which the sheriff returned no property to be found.

A rule was taken against Reed, the surety, to show cause why execution should not be issued against him, and he is appellant from a judgment making the rule absolute. It does not appear to us that the court erred. The record shows that the sheriff's return was made after demand of the parties. The appellant introduced a witness to prove, that his counsel called on the sheriff and the plaintiff, to inform them of the place where the property taken under the writ of provisional seizure and released on the bond was to be found, which place was within the jurisdiction of the court, and that the property was there as late as August, 1841.*

---

*This witness, McCarty, testified, that when, as counsel of defendant, he "found that an execution had issued against the property, he called on the sheriff's officer, and

The court must have considered the return of the sheriff as conclusive of the fact that that officer had not been able to find any property. The witness states that he requested the plaintiff to issue an execution, informing him where the property provisionally seized could be found; and that after the execution was in the sheriff's hand, he gave the latter the same information. The return shows that, after demand made of the parties, that is of the lessor and lessee, and notwithstanding the information received from the appellant's witness, he could find no property. We are to presume that the lessor, on being called on by the sheriff, gave the information he was possessed of, because it was his duty and his interest to do so, and the contrary does not appear; and the evidence shows that the sheriff was in possession of the material fact communicated to the lessor. The plaintiff and appellee has failed during the pendency of this suit; and his assignee has been made a party in this court,

*Judgment affirmed.*

---

told him where the furniture first seized might be had; knows that the furniture was within the jurisdiction of the court as late as August last [the *fi. fa.* had been returned in July preceeding]; and that he called on plaintiff and requested him to issue a *fi. fa.*, stating where the furniture was."